UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D1 - KENNETH FLUELLEN, JR.,

        Defendant.
_____/

Criminal Case No. 08-20481
HONORABLE SEAN F. COX
United States District Judge

OPINION & ORDER

Defendant Kenneth Fluellen, Jr. ("Fluellen") is charged with Conspiracy to Distribute Cocaine Base, Possession with Intent to Distribute Cocaine Base, Carrying a Firearm during/in Relation to Drug Trafficking Offense, and Possession of a Firearm with an Obliterated Serial Number. The matter is currently before the Court on three Motions filed by Fluellen: (1) Motion for Severance [Doc. No. 21]; (2) Motion for Witness List [Doc. No. 22]; and (3) Motion for Government Agents to and Law Enforcement Officers to Retain Rough Notes [Doc. No 23]. The parties have fully briefed the issues and a hearing was on Tuesday, January 27, 2009. The Government does not oppose the Motion to Retain Rough Notes, and as such the Court **GRANTS** that motion. As Fluellen is satisfied that the Court's usual practice of setting a date for disclosure of witnesses at the final pretrial conference will provide him with sufficient notice of the Government's witnesses, Fluellen's Motion for Witness List is **MOOT**. For the reasons that follow, Fluellen's Motion to Sever is **DENIED**.

The decision to sever the trials of co-defendants is within the sound discretion of the

Court.  *United States v. Gallo*, 763 F.2d 1504, 1526-26 (6th Cir.1985); *United States v. Davis*, 177 F.3d 552, 558 (6th Cir.1999).  Fluellen argues that this Court should sever his trial from that of co-defendant Chavez Miller ("Miller") due to his inability to cross-examine Miller on statements Miller made to the police.  Apparently, the Government intends to offer testimony by Sergeant Bernritter of the Flint Police Department as to the following statements recorded in his police report:

> Miller stated that at the time of his arrest he had in his possession 20 grams of powder cocaine, 6 or 7 grams of crack cocaine and a rusty .22 caliber handgun. Miller originally insinuated that he purchased the items saying, "you have to pay for everything you get, right?" Miller followed that statement saying that he found the items.  Miller then requested to return to his cell and the interview was terminated.

[Doc. No. 37, p.2].

Should co-defendant Miller choose not to testify, Fluellen argues his Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36 (2004), will be infringed upon.  The Court finds that the statements alone, within the context presented, do not implicate Fluellen's rights under the Confrontation Clause, *see Crawford v. Washington*, 541 U.S. 36, 68 (2004), and Fluellen's Motion to Sever Trial is therefore **DENIED**.

**IT IS SO ORDERED**.

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated:  January 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on

January 28, 2009, by electronic and/or ordinary mail.

        s/Jennifer Hernandez
        Case Manager